may please the court your honors may I please reserve two minutes for rebuttal time for a manager on time the district court erred in denying mr. Sandoval's motion to dismiss for an invalid deportation in very important ways first the district court erroneously found that mr. Sandoval's conviction under California Penal Code 289 a1 constituted an aggravated felony second the district court erroneously determined that mr. Sandoval was not deprived a meaningful judicial review in his deportation proceeding and third district court erroneously determined that mr. Sandoval was not did not have a fundamentally unfair deportation proceeding does the case turn entirely on whether or not this was a violent offense the underlying conviction yes because because if it was then his prior deportation proceeding no matter how it was handled would have resulted in his deportation certainly your honor so the crux of the matter certainly is whether or not the conviction satisfies the definition for a crime of violence under 8 U.S.C. 16b which requires essentially that there is a substantial risk of the use of force now mr. Sandoval at the time a 33 year old man entered the country or attempted to enter the country using a legal permanent resident card that was originally issued to him however was at the time he had and presently he has family in the country they're U.S. citizens his three children U.S. citizens his mother and father U.S. citizens as well as his siblings now when mr. Sandoval was placed in deportation proceedings on May 24th 2010 the notice to appear alleged essentially two bases for deportation first he has sustained two crimes of grand theft however neither of those two crimes were aggravated felonies the second basis was that mr. Sandoval was aggravated felon for having the conviction that we just spoke about now penal code 289 a1 is overly broad essentially it criminalizes sexual penetration by a couple different ways by force violence duress menace or fear of unlawful bodily touching now the duress part of this because duress can be accomplished in a variety ways that simply do not implicate either force or substantial risk of force I understand the first part of your contention that you can you can exercise duress without threatening force but if you've got a non-consenting victim who is being penetrated with some object isn't there always a substantial risk of violence in a situation like that if the person's person stops being passive isn't there isn't it quite likely that there's going to be a risk of violence I think that the rationale really perhaps Valencia and Gonzales I think can be applied although the statute there was different I think the idea that the court has said here is that the touchstone really of the 16b analysis it's not simply really lack of consent it's really lack of actual consent and this is where I think the duress I think it's a little bit different here a person may actually consent now albeit the consent is determined to be legally invalid somebody has made a threat of some sort somebody has said if you don't do this something else will happen and something else might not involve violence it might be blackmail it might be some might be extortion or something like that but I guess my question is a little different if you have a victim who's consenting quote-unquote under those circumstances isn't there always a substantial risk that the victim will stop consenting and that violence will ensue I would suggest your honor that there's no longer substantial risk is it plausible and may there be some risk I was agree with you and say yes but a substantial risk your honor I would say no because I think the actual consent actually I think really removes the likelihood of the need for a use of force your honor and so while in fact it's possible your honor but the substantial risk your honor I believe is really initiated because of the actual consent now do you have a California case in which that a duress theory was sustained under circumstances that you think fit the overly broad categorization do you understand what I mean in other words not that that describes the statute and the circumstances that you're positing today where someone has consented under duress do you have a case your honors actually I do not and that's simply because I'm not prepared to regard I did not look for one right that's my short your honor so so I do not I would simply note though that you know duress is one of I believe five ways in which this can occur and consider duress where it may be economic where a person says I will fire you if you do not have sex with me as that horrid as that is it simply does not either involve or really even implicate the risk of substantial risk of force are you suggesting that that the court should have performed a categorical modified categorical analysis in this case I'm certainly suggesting that you're what are there about do we know anything about the facts of your client's conviction we do not know anything by judicially noticeable documents your honor for example at the abstract of judgment we have the charging document the charging document merely track the language of the statute and so here the language is overly broad so that does not help the analysis the plea colloquy did not help the analysis and so essentially your honor we have no facts that really demonstrate the actual underlying conduct now one thing that's at issue here and I'll bring up to the court is during the deportation proceeding mr. Sandoval requested actually relief from deportation and they also talked about the incident and mr. Sandoval indicated that it was a destined domestic violence situation that they got out of hand now it did come up at the district court proceeding exactly what that meant and if that provided a factual basis for determining that it was aggravated felony and the district judge actually agreed with mr. Sandoval that it did not and the reason for that is your honor when he simply said it was a domestic violence situation and got a hand it really was unclear if he's saying one that essentially he was trying to resolve the matter you know legally in terms of plea domestic violence then got a hand and resulted in this this PC 29 conviction if it was just a domestic violence situation but they never actually spoke about and importantly the immigration judge simply did not ask him what were what occurred what were the underlying facts that occurred and I would submit your honors that have the immigration judge simply looked at the statute instead of simply perhaps going off his best guess he would have saw very clearly that one of the methods that this crime can be committed by is to rest is not involved force so in addition your honors because mr. Sandoval was a legal permanent resident then that also should have provoked some thought in the immigration judge's mind because as a legal permanent resident then there are potentially avenues of removal that are available there's cancellation there's a way for view portability and there's voluntary removal although I would suggest that that was perhaps very unlikely but in terms of the other two bases the cancellation of removal mr. Sandoval could make a plausible showing one he had been in the country legally admitted as a permanent resident for more than seven years he had been he had entered as a permanent resident or been admitted on August 28 92 and he had been deported on May 24 2010 so the seven year continuous residency was established additionally he resided continuously in the US and at that point he did not have aggregate felony status if this court determines in fact that this current conviction that we're talking about is not an aggregate felony he also had waiver of excludability available to him both there was he has family that could have adjusted his status his parents his his children although they were minors and there was extreme hardship now I know that financial hardship is not sufficient alone under for waiver excludability however there was extreme hardship that I presented to the district court concerning the children in terms of the children basically being emotionally depressed acting out in school their grades in terms of and so I made a record that in fact there was extreme hardship placed on the three boy three boys I believe they're perhaps 14 maybe 11 and and and three or so and so under a minute if you wanted to reserve I would use your honor thank you very much I will note you didn't address the last issue with regard to the reasonableness of the sentence either I must have met on the face I'll morning Victor white for the United States judge Hurwitz asked if this case really does hinge on whether or not the 289 conviction is a crime of violence in which case there would be no prejudice to the appellant and that is the case here as the district court found after substantial briefing and multiple rounds of argument 289 carries a substantial risk that force will be used in the commission of that crime do you think that economic coercion economic duress could be a factor in terms of a violation statute it could be a factor and more so with regard to the 16 a the element test of the crime of violence but with regard to a risk analysis where we're dealing with probabilities as with burglary which is what this court is looked at with the lisby case you're looking at basically the risk of violent confrontation so even in economic duress there's always the possibility that the victim may decide I'm not going to go through with this and the statute talks of physical force as a fast statute defines violence as physical force so is it your position that by its nature even if there's even if it's even if the consent is unlawfully obtained through duress if you will that there's a risk of physical force being used in these types of crimes absolutely we're not dealing with California case the California case that we point to is with the the fact that the consent could be withdrawn and as long as that's communicated at any point in time right I was I was trying to get a California case under arrest and consent of the hypothetical that we're positing today well the Espinosa Morales case does look at the duress situation and though but that's with regard to again the element they're looking at the catech that's a purely categorical analysis and it's under the sentencing guidelines not under the statute under the sentencing guidelines but also what would be under 18 United States Code section 16 a which is the one that requires basically an element the use of physical force or whereas we're dealing with 16b where we're dealing with again a risk analysis of probabilities where the the crime by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing this offense and that's why really the Lisby case is the case that's on point and the Lisby case is the one that involved sexual battery so in that case we're dealing with an intimate touching of a victim who's unlawfully restrained and it's occurring against the victim's will so if in that case it was sufficient to qualify as a crime of violence under 16b certainly here where we're dealing with a sexual penetration that's against the victim's will and that's being accomplished in one of five manners which could involve forced violence duress or threat or menace of violence it would qualify because again we're dealing with the probabilistic analysis and like with a burglary situation there's always the risk of violent confrontation even in the situation of economic duress was the just refresh my recollection was the deportation in this case based solely on this conviction it was based on this conviction as well as two crimes involving moral turpitude but those are not you don't urge those as a basis for for the fair for the ultimate fairness of the deportation proceeding no we urge that the crime was categorically a crime of violence under the risk analysis of 16b there's a substantial risk of the use of force as well as the fact that here the appellant made a concession at the pleading stage that this wasn't the sort of economic duress situation that's hypothesized at this point in time or but that would be a modified categorical analysis wouldn't it in other words that would be I'm focusing on the actual events of this crime and I don't like is I read the district court finding it's really a categorical analysis that that that not withstanding the elements this kind of crime always fits within 16b no matter what happened is that is it a fair that that's a fair statement your honor and we're arguing in the alternative if this what document you're talking about if we get to the modified categorical to the modified categorical I'm referring to the colloquy between the immigration judge and the appellant on excerpt of record 48 and I'm arguing under Perez Mejia which I cite in the brief in which this court as well as Pagayan where this court looks at basically admissions that are made at the pleading stage and here the immigration judge page 48 of excerpt of record immigration says then they say what on August 26 2003 you were convicted in Los Angeles County for the crime of unlawful penetration of genital area or anal area in violation of California Penal Code section 289 a1 next page record 49 is that true Mr. Sandoval it was supposed to be a domestic violence that I tried to fight but it got out of control your honor yeah that's true and then the immigration judge goes on to ask if he concedes later on at that page line 18 and also because you've been convicted for a crime of violence for which you receive for a sense of a year or more that's the sexual penetration do you agree yes your honor well before that he says the government says you should be deported correct but but he's agreeing with the government says he should be deported I don't know if he submitted I'm sorry no I guess my difficulty is that as I read the district court record I don't know that the district judge found found that on the facts of the case it was a crime of violence but rather he agreed with your 16b argument this isn't that a fair summary of what that's a fair summary you're arguing the alternative here in declined not to find it a categorical offense right absolutely I've learned don't think in that event we probably have to send it back to the district court for its analysis although we do have the record in front of us and that's what I would urge this court if this court wanted to make the analysis here is the colloquy between the immigration judge and the the defendant but I do understand that there's nothing else in the record this is this is what you have that's the best evidence in support of the modified categorical approach right that's correct as appellant points out the traditionally noticeable document as far as the charging record and the plea colloquy don't narrow it to knock out duress since it's the charging document contained duress and all the other ways that it could be accomplished but I would urge this court again to apply Liz B to this case and to look at this as the probabilistic analysis that it is as it is in the context of the armed career criminal where we're looking at a very similar sort of risk analysis and it has been found in the Terrell case that a sexual assault carries again a risk of the use of violence in that case physical injury and unless there are any questions any further questions thank you your honor just briefly the government relies heavy on Liz heavily on Liz B Liz B is completely inapplicable I'll tell you why it's not on point Liz B in that case the particular statute at issue was PC 243.4 a and that sexual battery required as an element under restraint so under restraint that's the physical piece of this that definitely is lacking here so when the government suggests this on point it's definitely not on point because the whole issue here is that duress does not involve any type of physical component in addition your honor the government relies heavily in the court the district court in fact relied heavily on cases under the Armed Career Criminals Act the ACC there the ACC has said that that just because the case perhaps is a violent felony for purposes of the ACC meaning that there's a substantial risk of physical injury not all cases are all statutes that involve a substantial risk of physical injury also involve a substantial risk of the use of force and so those statutes are different and so the meaning of violent crime under under ACC or crime of violence under 16b are distinguishable and different in a significant way finally your honor Perez Mejia that the government wants to rely on in terms of the at the deportation stage completely different in Perez Mejia this court found it significant that the deportee he was represented by counsel that in the notice to appear it specifically stated a factual basis that there was cocaine involved in terms of specific drug and then at the deportation hearing the attorney made a tactical decision to not fight the sufficiency of the evidence but instead to later try to try to appeal and so that case is very distinguishable here and the attorney at the deportation phase actually admitted or conceded the factual basis for that crime this is very different your honor what do you make of the argument of under the modified categorical approach that the confession of domestic violence takes this case out of the duress situation because it wasn't confession of domestic violence in terms of a of a legal sense what you have is here you have an individual it simply says that this is a domestic violence situation that got out of hand and so domestic and violence why doesn't that indicate that there was certainly a risk of injury there are two different things your honor one the way that he may be using in the common sense you know for the common layman point of view is simply it could have been you know an argument that got heated got out of control it could have been that he was trying to resolve this by way of domestic violence without regard to whatever the underlying facts were instead of resolving it by way of PC 29a so in terms of him actually admitting facts he didn't admit any facts at all I think my question was and I realize we're dealing on this appeal with the categorical versus the modified categorical approach but we have taken a look at the modified categorical approach in a couple of cases I guess my question is why doesn't his confession or a statement take it out of the duress situation that you're urging us and it's certainly not a classic economic duress he's saying it was a domestic violence situation that got out of hand well but he's not saying your honor there and I would urge the court to not to add meaning that necessarily that the act itself the incident that occurred the behavior was domestic violence he very easily in the district court agreed in terms of not being able to interpret that may have simply been saying that he was attempting to resolve the matter resolve this incident without talking about the underlying facts I resolve it legally by way of domestic violence but it got out of hand and then you have the DC 289 conviction so the simple fact is your honor that we really don't don't know what he meant and a district court agreed with with the appellant that it couldn't glean any meaning from that okay thank you I'm just curious of you know the district court in this case looked at this I don't know how to pronounce it but the the postman civic case the district court did your honor and now the persuasive and no one has mentioned it today so I understand it was a member dispo but it was found persuasive I understand and if I could just mention one thing in that case the court did find that California does list 289 a1 as a violent felony and that was one of the things that in the district courts written decision the district court did note in finding it persuasive and the fact that again it it was men speak does cite Lisby again for the proposition that this is the sort of in a fence where there's inherently a substantial risk that force would be used you want to address that case yes your honor simply I think that that case would impose I think wisely because in fact it relied heavily on Lisby but I would submit your honor erroneously because Lisby again requires a constraint and so in terms of the rest component it does not require a constraint or any physical force and so those are very distinguishable very good okay thank you both for your argument cases will be submitted for decision
judges: Beistline, Thomas, Hurwitz